UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

YOMARIE GARCIA,

                      Plaintiff,                    **DECISION AND ORDER**

    -against-                                       20-cv-7836 (AEK)

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

        On September 30, 2021, the Court so ordered the parties' stipulation reversing the decision of the Commissioner of Social Security and remanding the matter to the Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 23. The Clerk of Court entered judgment in Plaintiff's favor that same day. ECF No. 24. Plaintiff filed a motion for an award of $7,108.20 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), on December 28, 2021.[1] ECF No. 25. Pursuant to Local Civil Rule 6.1(b) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, any opposition to the motion was to be filed on or before January 11, 2022. That deadline has expired, and the Commissioner has not responded or requested additional time to do so. For the reasons that follow, Plaintiff's motion is GRANTED.

---

[1] The motion for attorney's fees was timely filed. A party seeking an award of fees pursuant to the EAJA must submit the application "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). For purposes of the EAJA, the 30-day window within which to file a fee petition begins to run after the expiration of the deadline for taking an appeal from the district court judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Here, the deadline to file an appeal was 60 days after the date the judgment was entered—*i.e.*, November 29, 2021, *see* Fed. R. App. P. 4(a)(1)(B)(ii)—and Plaintiff filed her motion for attorney's fees within the 30-day period that followed.

"Under the EAJA, 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Padula v. Colvin*, 602 F. App'x 25, 26 (2d Cir. 2015) (summary order) (quoting 28 U.S.C. § 2412(d)(1)(A)).  The Commissioner bears the burden of showing that her position was substantially justified. *Ericksson v. Comm'r of Soc. Sec.*, 557 F.3d 79, 81 (2d Cir. 2009).  In light of the Commissioner's failure to oppose the motion for EAJA fees, the Court cannot conclude that the Commissioner's position was substantially justified, nor is the Court aware of any special circumstances that would make an award unjust.

The Court next turns to the reasonableness of the requested fee.  EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A).  "Courts in this Circuit agree that 20 to 40 hours is a reasonable amount of time to spend on a routine Social Security case."  *Forrest v. Colvin*, No. 15-cv-1573 (KPF), 2016 WL 6892784, at *3 (S.D.N.Y. Nov. 21, 2016) (collecting cases).  "Determining counsel's hourly rate under the EAJA involves applying a cost-of-living adjustment, as measured by the Consumer Price Index ('CPI'), to the statutory ceiling of $125.00 per hour set by the EAJA on March 29, 1996."  *Jill A. o/b/o J.S.E.W. v. Kijakazi*, No. 20-CV-0727L, 2022 WL 170406, at *1 (W.D.N.Y. Jan. 18, 2022) (quotation marks omitted); *see Santiago v. Comm'r of Soc. Sec.*, No. 19-cv-4001 (KPF) (KNF), 2020 WL 7335310, at *3 (S.D.N.Y. Dec. 14, 2020).  "The hourly rate should only be increased by the corresponding CPI for each year in which the legal work was performed." *Jill A. o/b/o J.S.E.W.*, 2022 WL 170406, at *1.

Here, counsel requests $7,108.20 in fees based on 32.7 hours of attorney work calculated at a rate of $216.00 per hour and 0.5 hours of paralegal work calculated at a rate of $90 per hour. *See* ECF No. 26.  Upon review of Plaintiff's motion and supporting papers, the Court finds the total hours billed for this matter to be reasonable in light of the issues presented, counsel's experience, and the quality of representation provided.

With respect to the proposed billing rates, the hourly rate for paralegal work is reasonable and is consistent with hourly paralegal rates that have been approved by other courts in this District.  *See Cutajar v. Comm'r of Soc. Sec.*, No. 19-cv-5569 (SDA), 2020 WL 2999232, at *3 (S.D.N.Y. June 4, 2020).  For the attorney billing rate, because counsel's work was spread across 2020 (2.5 hours) and 2021 (30.2 hours), *see* ECF No. 25-1, the fee application should have included separate CPI-adjusted rates for each of the years at issue.  *See Patterson v. Comm'r of Soc. Sec.*, No. 20-cv-4591 (SN), 2021 WL 4125013, at *2 and n.1 (S.D.N.Y. Sept. 9, 2021) (evaluating and assessing EAJA fees based on a rate of $212.40 per hour for work conducted in 2020 and at a rate of $216.41 per hour for work conducted in 2021).  Ultimately, however, this error is harmless—indeed, had counsel more precisely used the 2020 and 2021 CPI-adjusted rates that have been approved and accepted by other courts in this District, the total fee application could have ended up being very slightly larger than the fee award that has actually been requested here.[2]

Accordingly, Plaintiff's requested fee award of $7,108.20 is reasonable, and Plaintiff's motion for attorney's fees is GRANTED.

---

[2] Using the rates adopted by the court in *Patterson*, the fee application here could have been set forth as follows: (i) *2020 attorney time*: 2.5 hours x $212.40 per hour = $531; (ii) *2021 attorney time*: 30.2 hours x $216.41 per hour = $6,535.58; (iii) *2020-21 paralegal time*: 0.5 hours x $90 per hour = $45; (iv) TOTAL: $531 + $6,535.58 + $45 = $7,111.58.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for attorney's fees is GRANTED and Plaintiff is to be awarded $7,108.20. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 25.

Dated: February 23, 2022
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge